UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                      PLAINTIFF

v.                                          CRIMINAL NO. 3:21-cr-00134-BJB

MICHAEL SIATS                                                DEFENDANT

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United

States of America, by Michael A. Bennett, Acting United States Attorney for the Western

District of Kentucky, and defendant, Michael Siats, and his attorney, John Olash, have agreed

upon the following:

1.      Defendant agrees to waive Indictment by the grand jury and to plead guilty to a

felony Information which will be filed against defendant by the United States Attorney for the

Western District of Kentucky.  That information will charge defendant with a violation of Title 18,

United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).  Defendant further acknowledges

that the Information in this case will seek forfeiture of all visual depictions which were produced,

transported, mailed, shipped or received in violation of the law, and all of the rights, title, and

interests in any property, real or personal, used or intended to be used to commit or to promote the

commission of such offenses, or any property traceable to such property, including but not limited

to (a) Toshiba Laptop S/N 17221083K; (b) Hitachi Hard Drive S/N Z2SNNG8J; (c) Western

Digital External Hard Drive S/N WXEY08UM2980; and (d) Maxtor Hard Drive S/N B40ET2EM,

pursuant to Title 18, United States Code, Section 2253, by reason of the offense charged in Count

One of the Information.

2.      Defendant has read the charges against him contained in the Information, and

those charges have been fully explained to him by his attorney. Defendant fully understands the

nature and elements of the crimes with which he has been charged.

3.      Defendant will enter a voluntary plea of guilty to Count One in this case.

Defendant will plead guilty because he is in fact guilty of the charge. The parties agree to the

following factual basis for this plea:

> On or about May 18, 2019, in the Western District of Kentucky, the defendant,
> Michael Siats, knowingly accessed with intent to view, material that contained an
> image of child pornography, which had been shipped and transported, using any
> means and facility of interstate and foreign commerce, and in and affecting
> interstate and foreign commerce by any means, including by computer.
>
> More specifically, Siats used a computer to access and view a known website that
> facilitated the sharing of child sexual abuse and exploitation material. Images and
> videos on the web site depicted, among other things, prepubescent children engaged
> in sexually explicit conduct, including sexual intercourse with adults. Users of the
> website were required to create an account (username and password) in order to
> access most of the material on the website. These videos and images of child sexual
> abuse and exploitation material that Siats knowingly accessed with intent to view
> were produced and/or transported using means or facilities of interstate commerce.

4.      Defendant understands that the charge to which he will plead guilty carries a

maximum term of imprisonment of 10 years, a maximum fine of $250,000, and supervised

release of at least 5 years and up to any number of years, including life, which the Court may

specify. Defendant understands that an additional term of imprisonment may be ordered if the

terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant

understands that as a result of the charge to which he will plead guilty he may be ordered to

forfeit a (a) Toshiba Laptop S/N 17221083K; (b) Hitachi Hard Drive S/N Z2SNNG8J; (c)

Western Digital External Hard Drive S/N WXEY08UM2980; and (d) Maxtor Hard Drive S/N

B40ET2EM.

5.      Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6.      Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release.  §§5D1.1, 5D1.2, 5D1.3.

7.      Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

A.      If defendant persists in a plea of not guilty to the charge against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent

3

and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

   B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

   C. At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

  8. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

  9. Defendant agrees that any amount of restitution ordered by the Court shall include Defendant's total offense conduct, and is not limited to the counts of conviction. The parties acknowledge that as of the signing of this document, no victim has sought restitution in this case, but may do so prior to sentencing. The defendant further understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required.

4

10.     Defendant acknowledges liability for the special assessment mandated by 18

U.S.C. § 3013 and will pay the assessment in the amount of $100 to the United States District

Court Clerk's Office by the date of sentencing.  Defendant further acknowledges that he is

mandated to pay a $5,000 special assessment, per count, for a total of $5,000, pursuant to Title

18 U.S.C. § 3014, if the Court finds that he is non-indigent.

11.     At the time of sentencing, the United States will

-recommend a sentence of imprisonment at the lowest end of the
applicable Guideline Range, but not less than any mandatory
minimum term of imprisonment required by law.

-recommend a fine at the lowest end of the applicable Guideline
Range, to be due and payable on the date of sentencing.[1]

-recommend a reduction of 3 levels below the otherwise applicable
Guideline for "acceptance of responsibility" as provided by
§3E1.1(a) and (b), provided the defendant does not engage in
future conduct which violates any federal or state law, violates a
condition of bond, constitutes obstruction of justice, or otherwise
demonstrates a lack of acceptance of responsibility.  Should such
conduct occur and the United States, therefore, opposes the
reduction for acceptance, this plea agreement remains binding and
the defendant will not be allowed to withdraw his plea.

-demand forfeiture of (a) Toshiba Laptop S/N 17221083K; (b)
Hitachi Hard Drive S/N Z2SNNG8J; (c) Western Digital External
Hard Drive S/N WXEY08UM2980; and (d) Maxtor Hard Drive
S/N B40ET2EM.

12.     Both parties have independently reviewed the Sentencing Guidelines applicable in

this case, and in their best judgment and belief, conclude as follows:

A.     The Applicable Offense Level should be determined after completion of

the presentence investigation by the United States Probation Office, pursuant to Fed. R.

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Information, and that he
understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered
by the Court, said Notice and Penalty Pages are incorporated herein by reference.

Crim. P. 32(c).  Both parties reserve the right to object to the presentence investigation
report.

        B.        The Criminal History of defendant shall be determined upon
completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c).
Both parties reserve the right to object to the USSG §4A1.1 calculation of
defendant's criminal history.  The parties agree to not seek a departure from the
Criminal History Category pursuant to §4A1.3.

        C.        The foregoing statements of applicability of sections of the
Sentencing Guidelines and the statement of facts are not binding upon the Court.
The defendant understands the Court will independently calculate the Guidelines
at sentencing and defendant may not withdraw the plea of guilty solely because
the Court does not agree with either the statement of facts or Sentencing
Guideline application.

13.        Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742
affords a defendant the right to appeal the sentence imposed.  Unless based on claims of
ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and
voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence
pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack
his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.  Defendant
specifically waives on appeal or in a collateral attack any argument that (1) the statute to which
the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall
within the scope of the statutes.

6

14.     Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed.  The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

15.     Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offense covered by this Agreement.

16      The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

17.     Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.  Defendant further agrees to the entry of an order under Fed. R. Crim. P. 6(e) authorizing the use of documents in possession of the Grand Jury to be used during the defendant's deposition.

18.     Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise.  Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

19.     It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court.  In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

20.     Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors.  Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

21.     Defendant understands and agrees that, consistent with the provisions of 18 U.S.C. § 3143, defendant may be subject to detention pending sentencing.  This is regardless of whether a U.S. Magistrate Judge or U.S. District Court Judge presides at the guilty plea hearing and regardless of whether the guilty plea is immediately accepted or formal acceptance is deferred until a later date.

22.     The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act (42 USC § 16901 et. seq), the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's

residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that he must notify the relevant registration authority with information relating to intended travel outside the United States. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

23.    This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

MICHAEL A. BENNETT
Acting United States Attorney

By:

Stephanie M. Zimdahl

Stephanie M. Zimdahl
Assistant United States Attorney

Dec. 1, 2021
Date

9

I have read this Agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.

_____                    12/1/2021
Michael Siats                                        Date
Defendant


I am the defendant's counsel.  I have carefully reviewed every part of this Agreement with the defendant.  To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____                    12 / 1 / 2021
John Olash                                           Date
Counsel for Defendant

MAB:SMZ

10

# FINANCIAL STATEMENT



United States Attorney's Office
Western District of Kentucky

---

**A. GENERAL INSTRUCTIONS - READ CAREFULLY**

The purpose of this form is to give a complete and accurate picture of your financial condition so we may decide how to collect financial claims against you. If you are married, list assets held by your spouse, as well as yourself, and show whether each asset is owned individually or jointly. Before completing and submitting this form, you may discuss it with your own attorney. By completing and signing this financial statement, you acknowledge that the information provided will affect action by the United States Department of Justice and further understand that any false answers can lead to the termination or nullification of any potential settlement agreement reached and/or prosecution for false statements under Title 18, United States Code, Section 1001 (maximum prison sentence of five (5) years and/or a fine of not more than $250,000).

Each question must be answered completely. If the answer is "none", you must state "none." DO NOT leave any question unanswered.

Please date and initial each page, and sign the last page and accompanying Release. If there is insufficient space on the form, please attach additional sheets as necessary, and date and initial each additional page.

**B. ACKNOWLEDGMENT, IF REPRESENTED BY COUNSEL**

If I am represented by retained or appointed counsel, I acknowledge having reviewed the foregoing instructions with my counsel. My counsel's name and telephone number: _____

_____

Name of Person Completing Form:

_____

First                              Middle                              Last

My Signature: _____ Date _____

---

*Authority for the solicitation of the requested information includes one or more of the following: 5 U.S.C. §§ 301, 901 (see Note, Executive Order 6166, June 10, 1933); 28 U.S.C. § 501-530A; 28 U.S.C. §§ 1651, 2001-2006; 31 U.S.C. § 3701-3731; 44 U.S.C. § 3101; 28 C.F.R. §§ 0.160, 0.171 and Appendix to Subpart Y; 18 U.S.C. § 3664(f)(2); and Fed.R.Cr.33(a).*

*The principal purpose for gathering this information is to evaluate your ability to pay the government's claim or judgment against you. Routine uses of the information are established in the following U.S. Department of Justice Case File Systems published in Vol. 42 of the Federal Register, Justice/CIV-001 at page 53221; Justice/TAX-001 at page 13547; Justice/USA-005 at pages 53406-53407; Justice/USA-007 at pages 53408-53410; Justice/CRM-016 at page 12774. Disclosure of the information is voluntary. If the requested information is not furnished, the United States may seek disclosure through other means.*

Revised 1/19/17

Page 1