UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                      PLAINTIFF

v.                                           CRIMINAL NO. 3:21-cr-00134-BJB

MICHAEL SIATS                                                             DEFENDANT

**<u>SENTENCING MEMORANDUM</u>**
*-Electronically Filed-*

The United States of America, by counsel, files its memorandum in support of sentencing in this action currently scheduled for March 4, 2022. The United States does not plan to call any witnesses at the hearing. For the reasons set forth below and pursuant to the plea agreement in this case, the government respectfully requests this Court sentence the defendant, Michael Siats, to a sentence of 63 months' imprisonment, followed by a lengthy term of supervised release, a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).

                                       I.           **<u>Factual Background</u>**

The interest of the defendant, Michael Siats, in viewing material depicting the exploitation of children came to the attention of law enforcement when they discovered that, on May 18, 2019, he had accessed a known dark web chat site whose primary purpose was to share and distribute child pornography. (DN 12, Presentence Investigation Report, ¶¶ 7-11.) The website required the use of TOR software and the creation of an account with a username and password to access, ensuring that an individual did not accidentally access its content. (*Id*. at ¶ 8; DN 9, Plea Agreement, ¶ 3.) The website that Siats accessed in May 2019 was an active online chat site which stated that its

purpose was to "post links with good photos and videos" depicting "only girls 5 to 13 years old." (DN 12, Presentence Investigation Report, ¶ 9.) Images and videos on the website available at the time that Siats accessed it included videos and images of prepubescent minors being vaginally and anally penetrated by adult males. (*Id*. at ¶ 10; *see also* DN 9, Plea Agreement, ¶ 3.)

On July 16, 2020 agents with the Department of Homeland Security, Homeland Security Investigations (HSI) executed a federal search warrant at Siats's residence in Louisville, Kentucky. (DN 12, Presentence Investigation Report, ¶ 12.) During the search, HSI agents seized numerous electronic devices. (*Id*.) A forensic analysis subsequently performed on these electronic devices revealed that Siats was in possession of child pornography material at the time of the execution of the search warrant. (*Id*. at ¶ 13.) A total of 25 images and three videos depicting child pornography were ultimately found on Siats's devices. (*Id*.)

Siats was charged federally in a One-Count Information with accessing with the intent to view child pornography. (DN 1.) On December 1, 2021, Siats pled guilty to the Information pursuant to a plea agreement with the government. The maximum term of imprisonment in this case is 10 years. 18 U.S.C. § 2252A(a)(5)(B) and 18 U.S.C. § 2252A(b)(2).

## II. Guidelines Calculation

The United States agrees with the U.S. Probation Office's calculations contained within the Presentence Investigation Report. Siats's total offense level should be 26. The United States further agrees with the U.S. Probation Office's calculation of Siats's Criminal History Category of I. This combination of offense level and criminal history category produces a recommend guideline term of imprisonment of 63 to 78 months. (DN 12, Presentence Investigation Report, ¶ 55.) As to the term of supervised release, the United States agrees with the statement in the PSR that the guidelines provide for a term of supervised release of five years to life, USSG §

5D1.2(b)(2), (*id*. at ¶ 58), and notes that the Policy Statement to the guidelines provides that if, as here, "the instant offense of conviction is a sex offense…the statutory maximum term of supervised release is recommended."

**III.     The 18 U.S.C. § 3553(a) Factors Warrant a Sentence of 63 Months' Imprisonment**

The Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). Title 18, United States Code, Section 3553(a) guides the Court regarding factors to consider when imposing a sentence. That section directs courts to consider the following:

(1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)   the need for the sentence imposed–

(A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)   to afford adequate deterrence to criminal conduct;

(C)   to protect the public from further crimes of the defendant; and

(D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)   the kinds of sentences available;

(4)   the kinds of sentence and the sentencing range established for--

(A)   the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–
. . .

(5)   any pertinent policy statement--
. . .

(6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)   the need to provide restitution to any victims of the offense.

### A. The Nature and Circumstances of the Offense

In this case, Siats stands convicted of a child exploitation offense, accessing with intent to view child pornography of an egregious variety, including the sexual abuse of very young girls. There is no doubt that Siats's criminal conduct is serious, and his offense has been perpetrated against the most vulnerable members of our society. Children in the images and videos depicting their sexual abuse are traumatized and victimized in the worst way imaginable at the time the images were created, and they are re-victimized and re-traumatized each time an individual, like Siats, views the images for their own sexual gratification. As one Court eloquently explained:

> ...we have numerous victims in a case like this, not one victim. Every image of a child, every image of a non-adult engaged in any type of sexual activity or any type of pose without clothing or any type of exploitation constitutes an additional case of victimizing a child. Without a demand for that type of information and that type of viewing from persons like this defendant, we don't know how many child abuse cases we could prevent. And as long as there is a demand to purchase images of child pornography, there is going to be an unending stream of child abuse of…children who are forced into these roles.
>
> ...every image has a child who has been exploited and abused, and that is the concern I have. It is the concern that I have when people are engaged in serially doing this, the effect it has on children throughout the world and the effect it has on their future lives.

*See United States v. Miller*, 665 F.3d 114, 121-122 (5th Cir. 2011) (quoting the district court) (rejecting an attack on the child pornography guidelines and highlighting the grave harm caused to the victims depicted in child pornography images and the evidence that traffickers and possessors of child pornography are the impetus for the creation of more sexual abuse of minors).

### B. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and Provide Just Punishment for the Offense

The sexual exploitation of children, including the viewing and possession of child sexual abuse material, has devastating consequences for the children depicted in these images and videos. Once they find their way onto the Internet, images and videos depicting the sexual abuse of a child will circulate

4

in perpetuity because individuals make the repetitive and purposeful decision to view, collect, save, and trade them for their own sexual gratification. Furthermore, consumers of child pornography, like Siats, create a market and demand for the production of these images and videos, which depict the sexual abuse and exploitation of real children. These consumers—even if they do not individually collect or trade images themselves—therefore contribute to the cycle of abuse and are in part responsible for the harm suffered by the children used to produce the material they seek out and view. *See United States v. Goff,* 501 F.3d 250, 259-260 (3d Cir. 2007) ("Children are exploited, molested, and raped for the prurient pleasure of [defendant] and others who support suppliers of child pornography"); *see also United States v. Goldberg,* 491 F.3d 668, 672 (7th Cir. 2007) ("[C]hildren were raped in order to enable the production of the pornography that the defendant both downloaded and uploaded-both consumed himself and disseminated to others. The greater the customer demand for child pornography, the more that will be produced.") (citations omitted). Thus, even if consumers of child pornography do not themselves molest children, their actions contribute to the abuse of children. Therefore, with respect to the factors under 18 U.S.C. § 3553(a)(2)(A), a sentence of 63 months' imprisonment is necessary in order to provide "just punishment" for the offense Siats committed, promote respect for federal child exploitation laws, and reflect the seriousness of his offense and child pornography offenses in general.

C. **History and Characteristics of the Defendant**

When considering Siats's history and characteristics, the government acknowledges that he has a criminal history score of zero. However, his lack of a criminal history was accounted for when determining the applicable guidelines range. Therefore, it should not serve as a reason to vary from a guidelines sentence. Furthermore, as this Court is well-aware, the online sexual exploitation of children is a crime that is committed in secret. This secrecy, combined with the overwhelming presence of digital devices and the near universal access to the Internet, makes detection of these criminal offenses

difficult, as demonstrated by the times Siats engaged in such conduct in order to accumulate child pornography before coming to the attention of law enforcement.

Similarly, Siats's acceptance of responsibility, including beginning counseling for sex addiction after his criminal conduct was discovered, while perhaps commendable, is already accounted for in the guideline calculation in this case. Siats's history and characteristics, even taking into account his lack of criminal history, suggest that a sentence of 63 months' imprisonment remains appropriate in this case.

### D. The Need for the Sentence Imposed to Afford Adequate Deterrence

Congress, the Supreme Court, and the Sentencing Commission believe general deterrence is an important factor when considering an appropriate sentence. *See United States v. Fry*, 851 F.3d 1329, 1332 (D.C. Cir. 2017) (the sentence would deter Fry and "others who may be inclined in doing similar kinds of things."); *see also see also United States v. Ferber*, 458 U.S. 747, 760 (1982) ("The most expeditious if not the only practical method of law enforcement may be to dry up the market for [child pornography] by imposing severe criminal penalties on persons selling, advertising, or otherwise promoting the product"); *United States v. Goff*, 501 F.3d 250, 261 (3rd Cir. 2007) ("Deterring the production of child pornography and protecting the children who are victimized by it are factors that should have been given significant weight at sentencing."); *United States v. Barevich*, 445 F.3d 956, 959 (7th Cir. 2006) ("Transporting and receiving child pornography increases market demand. The greater concern under the Guidelines is for the welfare of these exploited children. The avenue Congress has chosen to weaken the child pornography industry is to punish those who traffic in it."). 18 U.S.C. § 3553(a)(2)(B) supports the imposition of a sentence of 63 months' imprisonment because Siats's sentence should be significant in order to deter the criminal conduct of others. As the Seventh Circuit has stated, "[s]entences influence behavior, or so at least Congress thought when in 18 U.S.C. § 3553(a) it made deterrence a statutory sentencing

factor. The logic of deterrence suggests that the lighter the punishment for trafficking in child pornography, the greater the customer demand for it and so the more will be produced." *Goldberg,* 491 F.3d at 672. As such, this Court is in the position to send a loud and clear message to those individuals who, like Siats, are willing to exploit children for their own sexual gratification. Accessing with intent to view child pornography is a serious crime that warrants the imposition of a significant sentence.

## IV. Restitution

Along with the innumerable unidentified victims of Siats's criminal conduct, there are three identified victims in this case. These victims were identified from three known series of child pornography possessed by Siats at the time of the execution of the search warrant at his residence in July 2020. Two of the victims have specifically requested not to be contacted by the government and thus are not seeking, and have not submitted information or documentation in support of, restitution in this case. One victim, from the BluePillow1 Series, is seeking restitution in this case in the amount of $5,000. Attorneys for the BluePillow1 Series victim have submitted documentation support of this request, which has been shared with both defense counsel and the United States Probation Office. The United States requests that the Court enter an order of restitution in the amount of $5,000 for the BluePillow1 Series victim and anticipates that defense counsel and Siats will agree to this restitution order at the time of sentencing.

7

## V. Conclusion

For the reasons set forth herein, the United States respectfully requests the Court to apply the Sentencing Guidelines, as outlined above, follow the statutory directives set out in 18 U.S.C. § 3553(a), and impose a sentence of 63 months' imprisonment followed by a lengthy term of supervised release.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

/s/ *Stephanie M. Zimdahl*
Stephanie M. Zimdahl
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky 40202
PH: (502) 582-6217

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2022, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

/s/ *Stephanie M. Zimdahl*
Stephanie M. Zimdahl
Assistant U.S. Attorney